By the Court.—Sedgwick, Ch. J.
The part of the complaint demurred to, averred that the plaintiff and defendant entered into an agreement whereby plaintiff was to sink 154 iron pipes into the sand for an iron pier, and to do other work with iron, in and about parts of the structure of the pier; that the defendant agreed to pay to the plaintiff $27.50 for each pile sunken, and deliver all iron, which the plaintiff was to work upon under the contract, at the site of the pier, as rapidly as the progress of the work required, and to lay the floor of the pier as fast as practicable; that plaintiff duly performed all the conditions of this contract on her part, hut defendant failed to deliver the iron as required by the contract(C in proper form, or adapted to said work, or in sufficient quantity, or as rapidly as the progress of the work required, and also failed to lay the floor of the pier as soon as it was practicable to lay it; and that in *30 consequence of such failure the plaintiff was delayed in the performance of her contract fifty-five days, and was" obliged to pay men as for their working time, in waiting, &c., to her damage, $4.290.
The first objection to this is that it does not aver that performance by defendant was demanded by plaintiff, or that notice was given to defendant by plaintiff that the state of the work required performance by defendant of its obligation under the contract. It is not necessary to decide now that such demand or notice should have been made or given. If they should, they were in the nature of conditions precedent to liability on the part of defendant. Under section 533 of the Code of Civil Procedure, in pleading the performance of a condition precedent in a contract, it is not necessary to state the facts' constituting performance, but the party may state generally that he duly performed all the conditions on his part, and in this complaint the plaintiff has averred due performance of ail conditions of the contract on her part. This objection cannot be sustained.
The other objection is that the complaint does not show any actual damage to the plaintiff from the acts complained of. In obeying section 519, by liberally construing the allegations of the complaint with a view to substantial justice between the parties, we may find in the complaint what will apprise the defendant that the plaintiff intends to prove that after she had duly proceeded with the work, as called for by the contract, she notified the defendant to furnish more pipe and iron, with which she could further proceed to perform her contract; that it did not furnish these within a reasonable time, but kept her and the force she had under pay waiting for an unreasonable time for the pipe and iron; and that she was obliged to pay so much more wages than she would have been if the defendant had performed its obligation within a reasonable time.
The judgment and order should be affirmed with costs.
Freedman, J., concurred.